John T. Morgan (USB #3839)
**UNITED STATES DEPARTMENT OF JUSTICE**
Office of the United States Trustee
405 South Main Street, Suite 300
Ken Garff Building
Salt Lake City, Utah  84111
Telephone:     (801) 524-5734
Facsimile:      (801) 524-5628
Email: John.T.Morgan@usdoj.gov

Attorney for Charles F. McVay, United States Trustee

---

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH
NORTHERN DIVISION**

| In re: | **Bankruptcy Case No. 11-20605 JTM** |
|---|---|
| **TODD E. STEIMER**<br>**CINDY J. STEIMER**, | (Chapter 7) |
| Debtors. | (Filed Electronically) |

**MOTION OF UNITED STATES TRUSTEE TO DISMISS CASE
PURSUANT TO 11 U.S.C. §§ 707(b)(1), 707(b)(2) & 707(b)(3)**

The United States Trustee for Region 19 ("UST"), through his attorney, moves the Court for an order dismissing the present case pursuant to 11 U.S.C. §§ 707(b)(1), 707(b)(2) and 707(b)(3) for the reasons that: (1) granting the Debtors a discharge would be contrary to the provisions of chapter 7, and, (2) the totality of the Debtors' financial circumstances justifies dismissal.

## STATEMENT OF FACTS

1. The Court has jurisdiction of this matter under 28 U.S.C. §§ 1334(a) and (b); 28 U.S.C. §§ 157(a) and (b)(1); and 28 U.S.C. §151. This is a core proceeding under 28 U.S.C. §§ 157(b)(A) and (B).

2. The Debtors filed a joint voluntary petition for relief under chapter 7 of Title 11 of the United States Code on January 18, 2011. Steven R. Bailey was appointed Chapter 7 Trustee in this case and continues to serve in that capacity.

3. The Debtors are individuals whose debts are primarily consumer debts as that term is applied by 11 U.S.C. §707(b)(1). The Petition filed herein directly acknowledges the consumer debtor status of the Debtors.

4. The Meeting of Creditors pursuant to 11 U.S.C. §341 was conducted on February 16, 2011.

5. The Means Test Form, question number 13, indicates the Debtors' average gross income in the pre-petition period to be $73,826.64 annually, which is above the applicable median family income of $60,944.00 for a household of three. The Debtors have completed the remaining portions of the Means Test Form.

6. The Debtors' Means Test Form (22A) filed in the present case indicates that the presumption of abuse does not arise.

7. The United States Trustee's Analysis of the Means Test Form, with the income figures and other attributed expenses provided in the Debtors' Schedules, determined that the presumption of abuse arises under 11 U.S.C. §707(b)(2).

8. On February 28, 2011, the UST filed a statement pursuant to 11 U.S.C. §704(b)(1) indicating that the Debtors' case should be considered an abuse of the Bankruptcy Code.

9. As applied to 11 U.S.C. §§ 707(b)(1) and (b)(2), this Motion is filed timely.

10. As applied to 11 U.S.C. §707(b)(3), this Motion is timely pursuant to Federal Rule of Bankruptcy Procedure 1017(e)(1).

## ARGUMENT

**POINT I:** **THE CONSUMER PROVISIONS OF THE BANKRUPTCY ABUSE AND CONSUMER PROTECTION ACT OF 2005**

The 2005 Act (BAPCPA) substantially modified the Bankruptcy Code relating to consumer filings under chapter 7, 13 and 11. The primary purpose of the consumer provisions found in BAPCPA is to better assure that debtors who have an ability to repay creditors do so. As the 10th Circuit Court of Appeals stated in the case of *In re Lanning, 545 F.3d 1269, 1280-1281 (10th Circuit, November 13, 2008):*

> Perhaps the best statement of the overarching purpose of the consumer aspects of the BAPCPA comes from a House Report issued by the Committee on the Judicary just prior to enactment of the bill: "The heart of [BAPCPA's] consumer bankruptcy reforms consists of the implementation of an income/expense screening mechanism ('needs-based bankruptcy relief' or 'means-testing'), which is intended to ensure that debtors repay creditors the maximum they can afford." H.R. Rep. No. 109-31, pt. 1, at 2 (2005), reprinted in 2005 U.S. C.C.A.N. 88, 89. Commenting on this statement, one bankruptcy court has pointed out that "[t]he words 'maximum' and 'afford' tell the story. Congress intended that debtors pay the greatest amount within their capabilities. Nothing more; nothing less."

In re Kibbe, 361 B.R. at 314.

Where statutory language is plain and clear it should be strictly interpreted. "It is well established that when [a] statute's language is plain, the sole function of the courts-at least where the disposition required by the text is not absurd-is to enforce it according to its terms". *Lamie v. U.S. Trustee*, 540 U.S. 526, 534, 124 S.Ct. 1023, 157 L. Ed. 2d 1024 (2004).

Application of these standards in the present case leads to the determination that granting relief to the Debtors would be an abuse of the provisions of chapter 7 of the Bankruptcy Code.

**POINT II:    THE CURRENT CASE SHOULD BE DISMISSED FOR CAUSE
              PURSUANT TO 11 U.S.C. SECTIONS 707(b)(1) & (b)(2)**

Pursuant to section 707(b)(2)(A)(I), a presumption of abuse exists if a debtor's current monthly income reduced by allowed deductions and multiplied by sixty is equal to or greater than 25 percent of the nonpriority unsecured claims or $7,025.00, whichever is greater, or is greater than $11,725.00 ($195.41 per month).

The United States Trustee has conducted a Comparative Analysis based upon the facts and circumstances of the Debtors. Attached hereto as Exhibit "A" is the foregoing analysis. The United States Trustee's Comparative Analysis attributes income and expenses based upon information contained in the Debtors' Schedules or in other documents produced to the UST.

Explanations for each of the adjustments to the Means Test are set forth on Page 7 of Exhibit "A".

The United States Trustee's analysis indicates that a presumption of abuse under 11 U.S.C. §707(b)(2)(A) arises in the present case.

The burden therefore shifts to the Debtors to rebut the presumption under Section 707(b)(2). Pursuant to 11 U.S.C. §707(b)(2)(B)(I), the presumption of abuse may be rebutted by demonstrating "special circumstances, such as a serious medical condition or a call to active duty in the Armed Forces, to the extent that such special circumstances justify additional expenses or adjustments of current monthly income for which there is no reasonable alternative." The Debtors have not have alleged "special circumstances" in the present case.

Courts construing the "Special Circumstances" provision of §707(b)(2)(B)(I) have tended to apply a strict statutory construction to the language. As the Utah Bankruptcy Court stated in the Case of *In re Hanks*, 362 B.R. 494, 501-502 (Bankr. D. Ut, 2007):

> Mr. Hanks presented credible testimony regarding his job loss, employment search efforts, and the relative income at his new employment. But unfortunately, none of these things arises to the level of "special circumstances ... for which there is no reasonable alternative" as contemplated by the statute. The statutory examples of serious medical conditions and active military service, although not exhaustive, are instructive of the kinds of "special circumstances" that would justify deviations from Form B22C under the principle of ejusdem generis.

In the case of *In re Naut*, 2008 WL 191297, *10 (Banrkr. E.D. Penn., January 22, 2008) the court recognizes the statutory limits to the "special circumstances" doctrine:

> The special circumstances necessary to rebut the presumption of abuse, however, "[do] not permit every conceivable unfortunate or "unfair" circumstance to rebut the presumption of abuse, but includes [sic] only those circumstances that cause higher household expenses or adjustments of income "for which there is no reasonable alternative," i.e. they are unforeseeable or beyond the control of the debtor."

The *Naut* Court goes on to acknowledge the well recognized statutory interpretation canon of ejusdem generis. In *Naut,* the debtor had argued that "special circumstances" arose based upon his failed attempts to start his own business and his inability to sell his home at a profit. The Court concluded that "special circumstances" did not arise in the debtor's case.

The United States Trustee asserts that, after proper application of 11 U.S.C. §707(b)(2), there is a presumption of abuse in this case. Accordingly, the Court should dismiss the present case pursuant to section 707(b)(1) based on the un-rebutted presumption of abuse that exists pursuant to section 707(b)(2).

**POINT III:   THE CURRENT CASE SHOULD BE DISMISSED FOR CAUSE PURSUANT TO 11 U.S.C. SECTIONS 707(b)(1) AND 707(b)(3)(B)**

Pursuant to 11 U.S.C. §707(b)(3), in considering under 11 U.S.C. §707(b)(1) whether granting relief would be an abuse of the provisions of this chapter in a case in which the presumption of abuse does not arise or is rebutted, the court shall consider whether the Debtors filed the petition in bad faith or the totality of the circumstances of the Debtors' financial situation demonstrates abuse.

The United States Trustee has undertaken an analysis of the totality of the facts and circumstances of the Debtors' financial situation. (See United States Trustee's Analysis attached herewith as Exhibit "B"). Certain adjustments were made to the Debtors' claimed expenses based on the documentation provided by the Debtors and current case law. The primary adjustments relate to elimination of deductions for 401(k) plan and decreased tax withholdings.

Explanations for each of the adjustments are set forth in the Notes/Comments Section of Exhibit "B".

The adjustments made are reasonable and appropriate.  Debtors seeking relief under chapter 7 must have exhausted all of their financial alternatives.  As the Court in the bankruptcy case of In re Hudson aptly recognized:

> "It is well established that the provisions of Chapter 7 were intended to afford relief to a debtor when he finds himself in financial circumstances which threaten his immediate well being.  Perez v. Campbell, 402 U.S. 637, 91 S.Ct. 1704, 29 L.Ed. 2d 233 (1977).  If a debtor has ability to repay all or a substantial portion of his debts within a reasonable time, while at the same time maintaining a reasonable standard of living, then he cannot be so financially destitute that his immediate welfare is in question.  In the absence of such jeopardy, it is morally and legally unconscionable that a person should be able to extinguish his obligations without first making a reasonable effort to fulfill them."

In re. Hudson, 56 B.R. 415, 419 (Bankr. N.D. Ohio 1985)

In the present case, after application of the United States Trustee's analysis, the Debtors have discretionary disposable income available to repay unsecured creditors.

Pursuant to 11 U.S.C. Section 707(b)(3)(B), cause exists based upon the totality of the circumstances of the Debtors' financial circumstances to warrant dismissal of the Case.

WHEREFORE, the United States Trustee moves this Court, pursuant to 11 U.S.C. §§ 707(b)(1), 707(b)(2) and 707(b)(3) for dismissal of the present case and for such other and further relief that the Court may deem appropriate.

DATED this 30th day of March 2011.

    Respectfully submitted,

    /s/
    John T. Morgan
    Attorney for United States Trustee
    Charles F. McVay

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 30th day of March 2011, I caused a true and correct copy of the foregoing **MOTION OF UNITED STATES TRUSTEE TO DISMISS CASE PURSUANT TO 11 U.S.C. §§ 707(b)(1), 707(b)(2) & 707(b)(3)** to be mailed, first class, postage prepaid, in the United States mail, or by ECF, to the following:

Roy D. Cole, Esq. - Received by ECF

Steven R. Bailey, Esq. - Received by ECF

Todd E. Steimer
563 Ogden Canyon
Ogden, UT 84401

Cindy J. Steimer
563 Ogden Canyon
Ogden, UT 84401

/s/
John T. Morgan

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| In re | Steimer, Todd & Cindy | | | | UST Calc of Monthly Disposable Income | $ 1,191.72 | |
| Case # | 11-20605 -JTM | | | | | **Presumption arises** | |
| | | **Debtor's Calculations** | | | **UST Notes** | **UST Calculations** | |

**Part II. CALCULATION OF MONTHLY INCOME FOR § 707(b)(7) EXCLUSION**

| Line | Description | Debtor Column A | Spouse Column B | UST Notes | UST Column A | UST Column B | |
|---|---|---|---|---|---|---|---|
| 2 | Marital/filing status (Bankruptcy Filing): d. Married, filing jointly. Household Size: 3. (Sch I Marital Status): Married. (County): Weber County | | | | | | d. Married, filing jointly. Household Size: 3. Married. Weber County |
| 3 | Gross wages, salary, tips, bonuses, overtime, commissions. | $6,152.22 | $ - | Note 1 | $6,492.85 | $ - | ←Adj Wages |
| 4 | Income from the operation of a business, profession or farm. a. Gross receipts $: Debtor $ -, Spouse $ -. b. Ordinary and necessary business expenses: Debtor $ -, Spouse $ -. c. Business income (Subtract Line b from Line a) | $ - | $ - | | $ - | $ - | Debtor $ -, Spouse $ -; Debtor $ -, Spouse $ - |
| 5 | Rent and other real property income. a. Gross receipts $: Debtor $ -, Spouse $ -. b. Ordinary and necessary operating expenses $: Debtor $ -, Spouse $ -. c. Rent and other real property income (Subtract Line b from Line a) | $ - | $ - | | $ - | $ - | Debtor $ -, Spouse $ -; Debtor $ -, Spouse $ - |
| 6 | Interest, dividends and royalties. | $ - | $ - | | $ - | $ - | |
| 7 | Pension and retirement income. | $ - | $ - | | $ - | $ - | |
| 8 | Any amounts paid by another person or entity, on a regular basis, for the household expenses of the debtor or the debtor's dependents including child support paid for that purpose. Do not include alimony or separate maintenance payments paid by your spouse if Column B is completed. | $ - | $ - | | $ - | $ - | |
| 9 | Unemployment compensation. Unemployment compensation claimed to be a benefit under the Social Security Act — Debtor ___ Spouse ___ | $ - | $ - | | $ - | $ - | |
| 10 | Income from all other sources. a. Debtor $ -, Spouse $ -. b. Total and enter on Line 10 | $ - | $ - | | $ - | $ - | Adjusted Other Income: Debtor $ -, Spouse $ -; Debtor $ -, Spouse $ - |
| 11 | Subtotal of Current Monthly Income for § 707(b)(7). Add Lines 3 thru 10 in Column A, and, if Column B is completed, add Lines 3 through 10 in Column B. Enter the total(s). | $6,152.22 | $ - | Difference | $6,492.85 | $ - | |
| 12 | Total Current Monthly Income for § 707(b)(7). If Column B has been completed, add Line 11, Column A to Line 11, Column B, and enter the total. If Column B has not been completed, enter the amount from Line 11, Column A. | $ 6,152.22 | | Difference | $ 6,492.85 | | ←Adj total monthly income |

**Prepared by:**
The Office of the United States Trustee (Utah)

3/28/2011
Expense Standards & Median Income applied for
Cases Filed on or after March 16, 2008

1 of 8

**EXHIBIT A**

| In re | Steimer, Todd & Cindy | | | | UST Calc of Monthly Disposable Income | $ 1,191.72 |
|---|---|---|---|---|---|---|
| Case # | 11-20605 -JTM | | | | **Presumption arises** | |

| | | Debtor's Calculations | | UST Calculations | |
|---|---|---|---|---|---|
| | **Part III. APPLICATION OF § 707(b)(7) EXCLUSION** | | | | |
| 13 | **Annualized Current Monthly Income for § 707(b)(7).** Multiply the amount from Line 12 by the number 12 and enter the result. | $ 73,826.64 | **Difference** | $ 77,914.14 | ←Adj Annual Income |
| 14 | **Applicable median family income.** Enter the median family income for the applicable state and household size. (This information is available by family size at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) <br> a. Enter debtor's state of residence: **UTAH**    b. Enter debtor's household size: **3** | **Over State Median** <br> $ 60,944.00 | | **Over State Median** <br> $ 60,944.00   **3**  b. Enter debtor's household size: | |
| 15 | **Application of Section 707(b)(7).** Check the applicable box and proceed as directed. <br><br> **The amount on Line 13 is more than the amount on Line 14. Complete the remaining parts of this statement.** | | | **Complete the remaining parts of this statement.** | |
| | Complete Parts IV, V, VI, and VII of this statement only if required. (See Line 15.) | | | | |
| | **Part IV. CALCULATION OF CURRENT MONTHLY INCOME FOR § 707(b)(2)** | | | | |
| 16 | Enter the amount from Line 12. | $ 6,152.22 | | $ 6,492.85 | |
| 17 | **Marital adjustment.** If you checked the box at Line 2.c, enter the amount of the income listed in Line 11, Column B that was NOT paid on a regulare basis for the household expenses of the debtor or the debtor's dependents. Specify in the lines below the basis for excluding the Column B income (such as payment of the spouse's tax liability or the spouse's support of persons other than the debtor or the debtor's dependents) and the amount of income devoted to each purpose.  If necessary, list additional adjustments on a separate page.  If you did not check box at Line 2.c, enter zero. <br> a. NFS Taxes  $ - <br> b. Alimony,C/Supt  $ - <br> c.  $ - | **Should Be Blank** <br> $ - | | a. Taxes  $ - <br> b. <br> c. <br> $ - | |
| 18 | **Current monthly income for § 707(b)(2).** Subtract Line 17 from Line 16 and enter the result. | $ 6,152.22 | | $ 6,492.85 | |
| | **Part V. CALCULATION OF DEDUCTIONS FROM INCOME** | | | | |
| | **Subpart A: Deductions under Standards of the Internal Revenue Service (IRS)** | | | | |
| 19A | **National Standards for Food, Clothing and Other Items** for the applicable number of persons. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) The applicable number of persons is the number that would currently be allowed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support. | $ 1,152.00 | | $ 1,152.00 | |
| 19B | **National Standards: health care.** Enter in Line a1 below the amount from IRS National Standards for Out-of-Pocket Health Care for persons under 65 years of age, and in Line a2 the IRS National Standards for Out-of-Pocket Health Care for persons 65 years of age or older. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) Enter in Line b1 the applicable number of persons who are under 65 years of age, and enter in Line b2 the applicable number of persons who are 65 years of age or older. (The applicable number of persons in each age category is the number in that category that would currently be allowed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support.) Multiply Line a1 by Line b1 to obtain a total amount for persons under 65, and enter the result in Line c1. Multiply Line a2 by Line b2 to obtain a total amount for persons 65 and older, and enter the result in Line c2. Add Lines c1 and c2 to obtain a total health care amount, and enter the result in Line 19B. <br> **Household members under 65 years of age** / **Household members 65 years of age or older** <br> a1 Allowance per member  $ 60   a2 Allowance per member  $ - <br> b1 Number of members  3   b2 Number of members  - <br> c1 Subtotal  $ 180   c2 Subtotal  $ - | $ 180.00 | | $ 180.00    **Under 65**  $ 60   **65 and Older**  $ 144 <br>   3   - <br> $ 180  $ - | |

Prepared by: <br>
The Office of the United States Trustee (Utah) <br>
3/28/2011 <br>
Expense Standards & Median Income applied for <br>
Cases Filed on or after March 16, 2008 <br>
2 of 8 <br>
EXHIBIT A

| In re | Steimer, Todd & Cindy | | | UST Calc of Monthly Disposable Income | $ 1,191.72 |
|---|---|---|---|---|---|
| Case # | 11-20605 -JTM | | | **Presumption arises** | |
| | | **Debtor's Calculations** | | **UST Calculations** | |

| | | | | | | |
|---|---|---|---|---|---|---|
| 20A | and Utilities Standards; non-mortgage expenses for the applicable county and family size. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court). The applicable family size consists of the number that would currently be allowed as exemptions on your federal income tax return, plus | | $ 401.00 | | $ 401.00 | |
| 20B | **Local Standards: housing and utilities; mortgage/rent expense.** Enter, in Line a below, the amount of the IRS Housing and Utilities Standards; mortgage/rent expense for your county and family size (this information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court) (the applicable family size consists of the number that would currently be allowed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support); enter on Line b the total of the | | | | | |
| | a. IRS Housing and Utilities Standards; mortgage/rental expense | $ 1,061.00 | | | $ 1,061.00 | |
| | b. Average Monthly Payment for any debts secured by your home, if any, as stated in Line 42 | $ - | | | $ - | |
| | c. Net mortgage/rental expense    Subtract Line b from Line a. | $ 1,061.00 | | | $ 1,061.00 | |
| 21 | **Local Standards: housing and utilities; adjustment.** if you contend that the process set out in Lines 20A and 20B does not accurately compute the allowance to which you are entitled under the IRS Housing and Utilities Standards, enter any additional amount to which you contend you are entitled, and state the basis for your contention in the space below: | | $ - | | $ - | |
| 22A | **Local Standards: transportation; vehicle operation/public transportation expense.** You are entitled to an expense allowance in this category regardless of whether you pay the expenses of operating a vehicle and regardless of whether you use public transportation.  Check the number of vehicles for which you pay the operating expenses or for which the operating expenses are included as a contribution to your household expenses in Line 8. | | | | **Adj Number of Vehicles** | |
| | **Number of Vehicles Operated**       2 | | | | 2 | |
| | If you checked 0, enter on Line 22A the "Public Transportation" amount from IRS Local Standards: Transportation.  If you checked 1 or 2 or more, enter on line 22A the "Operating Costs" amount from IRS Local Standards: Transportation for the applicable number of vehicles in the applicable Metropolitan Statistical Area or Census Region. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | | $ 472.00 | | $ 472.00 | |
| 22B | **Local Standards: transportation; additional public transportation expense.** If you pay the operating expenses for a vehicle and also use public transportation, and you contend that you are entitled to an additional deduction for your public transportation expenses, enter on Line 22B the "Public Transportation" amount from IRS Local Standards: Transportation. (This amount is available at www.usdoj.gov/ust or from the clerk of the bankruptcy court.) | | $ - | | $ - | |
| 23 | **Local Standards: transportation ownership/lease expense; Vehicle 1.** Check the number of vehicles for which you claim an ownership/lease expense. (You may not claim an ownership/lease expense for more than two vehicles.) | | | | **Adj Number of Vehicles Owned** | |
| | **Number of Vehicles Owned**       2 | | | | 2 | |
| | Enter, in Line a below, the "Ownership Costs" for "One Car" from the IRS Local Standards:Transportation (available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 1, as stated in Line 42; subtract Line b from Line a and enter the result in Line 23. **Do not enter an amount less than zero.** | | | **Note 2** | **Enter Model year of Vehicle** | |
| | | | | | **2002** | |
| | a. IRS Transportation Standards, Ownership Costs, First Car | $ 496.00 | | | $ 200.00 | |
| | | | | | $ 496.00 | |
| | b. Average Monthly Payment for any debts secured by Vehicle 1, as stated in Line 42 | $ - | | | $ - | |
| | c. Net ownership/lease expense for Vehicle 1    Subtract Line b from Line a. | $ 496.00 | **Difference** | $ - | | |
| 24 | **Local Standards: transportation ownership/lease expense; Vehicle 2.** Complete this Line only if you checked the "2 or more" Box in Line 23.  Enter, in Line a below, the "Ownership Costs" for "One Car" from the IRS Local Standards: Transportation (available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 2, as stated in Line 42; subtract Line b from Line a and enter the result in Line 24. **Do not enter an amount less than zero.** | | | **Note 2** | **Enter Model year of Vehicle** | |
| | | | | | **1991** | |
| | | | | | $ 200.00 | |
| | a. IRS Transportation Standards, Ownership Costs, Second Car | $ 496.00 | | | $ 496.00 | |
| | b. Average Monthly Payments for debts secured by Vehicle 2, if any, as stated in Line 42 | $ - | | | $ - | |
| | c. Net ownership/lease expense for Vehicle 2 Subtract Line b from Line a. | $ 496.00 | **Difference** | $ - | | |

Prepared by:
The Office of the United States Trustee (Utah)

3/28/2011
Expense Standards & Median Income applied for
Cases Filed on or after March 16, 2008

3 of 8

**EXHIBIT A**

| In re | Steimer, Todd & Cindy | | UST Calc of Monthly Disposable Income | $ 1,191.72 |
|---|---|---|---|---|
| Case # | 11-20605 -JTM | | **Presumption arises** | |

| | | **Debtor's Calculations** | | **UST Calculations** | |
|---|---|---|---|---|---|
| 25 | **Other Necessary Expenses: taxes.** Enter the total average monthly expense that you actually incur for all federal, state and local taxes, other than real estate and sales taxes, such as income taxes, self employment taxes, social-security taxes, and Medicare taxes. **Do not include real estate or sales taxes.** | $ 2,414.11 | Note 3 | $ 1,327.34 | |
| 26 | **Other Necessary Expenses: involuntary deductions for employment.** Enter the total average monthly payroll deductions that are required for your employment, such as retirement contributions, union dues, and uniform costs. **Do not include discretionary amounts, such as voluntary 401(k) contributions.** | $ - | | $ - | |
| 27 | **Other Necessary Expenses: life insurance.** Enter total average monthly premiums that you actually pay for term life insurance for yourself. **Do not include premiums for insurance on your dependents, for whole life, or for any other form of insurance.** | $ - | | $ - | |
| 28 | **Other Necessary Expenses: court-ordered payments.** Enter the total monthly amount that you are required to pay pursuant to the order of a court or administrative agency, such as spousal or child support payments. **Do not include payments on past due obligations included in Line 44.** | $ - | | $ - | |
| 29 | **Other Necessary Expenses: education for employment or for a physically or mentally challenged child.** Enter the total average monthly amount that you actually expend for education that is a condition of employment and for education that is required for a physically or mentally challenged dependent child for whom no public education providing similar services is available. | $ - | | $ - | |
| 30 | **Other Necessary Expenses: childcare.** Enter the total average monthly amount that you actually expend on childcare - such as babysitting, daycare, nursery and preschool. **Do not include other educational payments.** | $ - | | $ - | |
| 31 | **Other Necessary Expenses: health care.** Enter the total average monthly amount that you actually expend on health care that is required for the health and welfare of yourself or your dependents, that is not reiimbursed by insurance or paid by a health savings account, and that is in excess of the amount entered in Line 19B. **Do not include payments for health insurance or health savings accounts listed in Line 34.** | $ - | | $ - | |
| 32 | **Other Necessary Expenses: telecommunication services.** Enter the total average monthly amount that you actually pay for telecommunication services other than your basic home telephone and cell phone service -- such as pagers, call waiting, caller id, special long distance, or internet service -- to the extent necessary for your health and welfare or that of your dependents. **Do not include any amount previously deducted.** | $ - | | $ - | |
| 33 | **Total Expenses Allowed under IRS Standards.** Enter the total of Lines 19 through 32 | $ 6,672.11 | **Difference** | $ 4,993.34 | |

Prepared by:
The Office of the United States Trustee (Utah)

3/28/2011
Expense Standards & Median Income applied for
Cases Filed on or after March 16, 2008

4 of 8
EXHIBIT A

| In re | Steimer, Todd & Cindy | | | | UST Calc of Monthly Disposable Income | $ 1,191.72 |
|---|---|---|---|---|---|---|
| Case # | 11-20605 -JTM | | | | | **Presumption arises** |

| | | **Debtor's Calculations** | | | **UST Calculations** | |
|---|---|---|---|---|---|---|
| | **Subpart B: Additional Living Expense Deductions** | | | | | |
| | *Note: Do not include any expenses that you have listed in Lines 19-32* | | | | | |
| 34 | **Health Insurance, Disability Insurance, and Health Savings Account Expenses.** List the expenses in the categories set out in lines a-c below that are reasonably necessary for yourself, your spouse, or your dependents. | | | | | |
| | a. Health Insurance | $ 55.00 | | | $ 55.00 | |
| | b. Disability Insurance | $ - | | | $ - | |
| | c. Health Savings Account | $ - | | | $ - | |
| | Total and enter on Line 34 | | | | | |
| | **If you do not actually expend this total amount,** state your actual total average monthly expenditures in the space below: | $ 55.00 | | | $ 55.00 | |
| | $ - | | | | | |
| 35 | **Continued contributions to the care of household or family members.** Enter the total average actual monthly expenses that you will continue to pay for the reasonable and necessary care and support of an elderly, chronically ill, or disabled member of your household or member of your immediate family who is unable to pay for such expenses. | $ - | | | $ - | |
| 36 | **Protection against family violence.** Enter the total average reasonably necessary monthly expenses that you actually incurred to maintain the safety of your family under the Family Violence Prevention and Services Act or other applicable federal law. The nature of these expenses is required to be kept confidential by the court. | $ - | | | $ - | |
| 37 | **Home energy costs.** Enter the total average monthly amount, in excess of the allowance specified by IRS Local Standards for Housing and Utilities, that you actually expend for home energy costs. **You must provide your case trustee with documentation of your actual expenses, and you must demonstrate that the additional amount claimed is reasonable and necessary.** | $ - | | | $ - | |
| 38 | **Education expenses for dependent children less than 18.** Enter the total average monthly expenses that you actually incur, not to exceed $147.92 per child, for attendance at a private or public elementary or secondary school by your dependent children less than 18 years of age. **You must provide your case trustee with documentation of your actual expenses, and you must explain why the amount claimed is reasonable and necessary and not already accounted for in the IRS Standards.** | $ - | | | $ - | |
| 39 | **Additional food and clothing expense.** Enter the total average monthly amount by which your food and clothing expenses exceed the combined allowances for food and clothing (apparel and services) in the IRS National Standards, not to exceed 5% of those combined allowances. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) **You must demonstrate that the additional amount claimed is reasonable and necessary.** | $ - | | | $ - | |
| 40 | **Continued charitable contributions.** Enter the amount that you will continue to contribute in the form of cash or financial instruments to a charitable organization as defined in 26 U.S.C. § 170(c)(1)-(2). | $ - | | | $ - | |
| 41 | **Total Additional Expense Deductions under § 707(b).** Enter the total of Lines 34 through 40 | $ 55.00 | | | $ 55.00 | |
| | **Subpart C: Deductions for Debt Payment** | | | | | |
| 42 | **Future payments on secured claims.** For each of your debts that is secured by an interest in property that you own, list the name of the creditor, identify the property securing the debt, and check whether the payment includes taxes or insurance. The Average Monthly Payment is the total of all amounts scheduled as contractually due to each Secured Creditor in the 60 months following the filing of the bankruptcy case, divided by 60. If necessary, list additional entries on a separate page. Enter the total of the Average Monthly Payments on Line 42. | | | | | **Sch D Amount Due ÷ 60 Months** |
| | | T&I? | Property Securing the D | 60-month Avg Payment | | | |
| | a. | | Vehicle #1 | $ - | | Vehicle #1 | $ - | $ - | $ - |
| | b. | | Vehicle #2 | $ - | | Vehicle #2 | $ - | $ - | $ - |
| | c. | | Mortgages (Monthly pmt should equal Sch J Line 1) | $ - | | Mortgage | $ - | | |
| | d. | | Other | $ - | | Other | $ - | $ - | $ - |
| | | | Total: Add Lines a, b and c | $ - | | | $ - | | |

3/28/2011

**Prepared by:**
The Office of the United States Trustee (Utah)

Expense Standards & Median Income applied for
Cases Filed on or after March 16, 2008

5 of 8

**EXHIBIT A**

| In re | Steimer, Todd & Cindy | | | UST Calc of Monthly Disposable Income | $ | 1,191.72 |
|---|---|---|---|---|---|---|
| Case # | 11-20605 -JTM | | | | **Presumption arises** | |

| | | **Debtor's Calculations** | | | **UST Calculations** | |
|---|---|---|---|---|---|---|
| 43 | **Other payments on secured claims.** If any of [the] debts listed in Line 42 are secured by your primary residence, a motor vehicle, or other property necessary for your support or the support of your dependents, you may include in your deduction 1/60th of any amount (the "cure amount") that you must pay the creditor in addition to the payments listed in Line 42, in order to maintain possession of the property. The cure amount would included any sums in default that must be paid in order to avoid repossession or foreclosure. List and total any such amounts in the following chart. If necessary, list additional entries on a separate page. | | | | | **Cure Amount** |
| | Name of Creditor | Property Securing the D | 1/60th of the Cure Amour | | | |
| | a. | | $ - | | $ - | $ - |
| | b. | | | | $ - | $ - |
| | c. | | | | $ - | $ - |
| | d. | | | | $ - | $ - |
| | | | Total: Add Lines a, b and c $ - | | $ - | |
| 44 | **Payments on prepetition priority claims.** Enter the total amount, divided by 60, of all priority claims, such as priority tax, child support and alimony claims, for which you were liable at the time of your bankruptcy filing. **Do not include current obligations, such as those set out in Line 28.** | | $ 108.33 | | $ 108.33 | |
| 45 | **Chapter 13 administrative expenses.** If you are eligible to file a case under Chapter 13, complete the following chart, multiply the amount in Line a by the amount in Line b, and enter the resulting administrative expense. | | | | | |
| | a. Projected average monthly Chapter 13 plan payment. | | $ - | Note 4 | $ 1,444.50 | |
| | b. Current multiplier for your district as determined under schedules issued by the Executive Office for United States Trustees. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | | 10.0% | | 10.0% | |
| | c. Average monthly administrative expense of Chapter 13 case | Total: Multiply Lines a an | $ - | Difference | $ 144.45 | |
| 46 | **Total Deductions for Debt Payment.** Enter the total of Lines 42 through 45. | | $ 108.33 | Difference | $ 252.78 | |
| | **Subpart D: Total Deductions from Income** | | | | | |
| 47 | **Total of all deductions allowed under § 707(b)(2).** Enter the total of Lines 33, 41, and 46. | | $ 6,835.44 | Difference | $ 5,301.12 | |

| | **Part VI. DETERMINATION OF § 707(b)(2) PRESUMPTION** | | | | |
|---|---|---|---|---|---|
| 48 | Enter the amount from Line 18 (Current monthly income for § 707(b)(2)) | $ 6,152.22 | Difference | $ 6,492.85 | |
| 49 | Enter the amount from Line 47 (Total of all deductions allowed under § 707(b)(2)) | $ 6,835.44 | Difference | $ 5,301.12 | |
| 50 | **Monthly disposable income under § 707(b)(2).** Subtract Line 49 from Line 48 and enter the result | $ (683.22) | Difference | $ 1,191.72 | |
| 51 | **60-month disposable income under § 707(b)(2).** Multiply the amount in Line 50 by the number 60 and enter the result. | $ - | Difference | $ 71,503.45 | |
| 52 | **Initial presumption determination.** Check the applicable box and proceed as directed.<br><br>**The amount on Line 51 is at least $6,575, but not more than $10,950.**<br>Complete the remainder of Part VI (Lines 53 through 55). | | | **Presumption arises** | |
| 53 | Enter the amount of your total non-priority unsecured debt | $ - | | $ - | |
| 54 | **Threshold debt payment amount.** Multiply the amount in Line 53 by the number 0.25 and enter the result. | - | | $ - | |
| 55 | **Secondary presumption determination.** Check the applicable box and proceed as directed.<br>**The amount on Line 51 is less than the amount on Line 54.**<br>Check the "Presumption does not arise" box at the top of page 1 of this statement, and complete the verification in Part VIII.<br>**The amount on Line 51 is equal to or greater than the amount on Line 54.**<br>Check the "Presumption arises" box at the top of page 1 of this statement, and complete the verification in Part VIII. You may also complete Part VII. | | | $ - | |

**Prepared by:**
The Office of the United States Trustee (Utah)

3/28/2011
Expense Standards & Median Income applied for
Cases Filed on or after March 16, 2008

6 of 8

EXHIBIT A

| In re | Steimer, Todd & Cindy | | UST Calc of Monthly Disposable Income | $ 1,191.72 |
|---|---|---|---|---|
| Case # | 11-20605 -JTM | | | **Presumption arises** |

| Debtor's Calculations | | UST Calculations |
|---|---|---|
| **Part VII: ADDITIONAL EXPENSE CLAIMS** | | |

| | | | | |
|---|---|---|---|---|
| 56 | **Other Expenses.** List and describe any monthly expenses, not otherwise stated in this form, that are required for the health and welfare of you and your family and that you contend should be an additional deduction from your current monthly income under § 707(b)(2)(A)(ii)(I). If necessary, list additional sources on a separate page. All figures should reflect your average monthly expense for each item. Total the expenses. | | | |
| | Expense Description | Monthly Amount | | Monthly Amount |
| | a. | | | $ - |
| | b. | | | $ - |
| | e. | | | $ - |
| | Total: Add Lines a, b, and c | $ - | | $ - |

**UST Notes:**

1. (Lines 3-10) Income has been increased to match pay advices or other documents provided to US Trustee

2. (Line 23 or 24) Vehicle ownership expenses have been disallowed for the unencumbered vehicle.  The adjustment to this line is to allow $200 in additional operating costs related to the unencumbered

3. (Line 25) Tax withholding has been reduced to match actual liability per US Trustee calculation based on documents provided by debtor(s)

4. (Line 45)  The projected average monthly Ch 13 plan payment has been recalculated based on the above adjustments.

**Prepared by:**
The Office of the United States Trustee (Utah)

3/28/2011
Expense Standards & Median Income applied for
Cases Filed on or after March 16, 2008

7 of 8

**EXHIBIT A**

| | **Debtor:** | | **Steimer, Todd & Cindy** | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | **Case #** | | **11-20605 -JTM** | | | | | | | | |
| | | | **Per Debtor's Schedule** | | | **Adjusted by US Trustee** | | | | **Projected Ability to Pay** | |
| | | | | | % of | Debtor's | | | Adjusted | Above Median: 5 Yr Repayment Period | |
| | | Debtor | Spouse | Total | Annual | AGI | Schedules | Adjustment | Note | Amounts | | |
| | **Income (Sch I)** | | | | | | | | | | | |
| | Gross Wages | $ 6,250.00 | $ - | $ 6,250.00 | $ 75,000.00 | | $ 75,000.00 | | | $ 75,000.00 | **I** | Net Surplus |
| | Overtime & Shift Differen | - | - | - | - | | - | | | - | i | Year 1 | $ 6,510.50 |
| | Subtotal | 6,250.00 | - | 6,250.00 | 75,000.00 | | 75,000.00 | | | 75,000.00 | ii | Year 2 | $ 6,510.50 |
| | | | | | | | | | | | iii | Year 3 | $ 6,510.50 |
| | Pre-tax ded: | | | | | | | | | | iv | Year 4 | $ 6,510.50 |
| | Health Insurance | (50.00) | - | (50.00) | (600.00) | | (600.00) | | | (600.00) | v | Year 5 | $ 6,510.50 |
| | Medical Savings Acct | - | - | - | - | | - | | | - | | | |
| | 401k | (78.12) | - | (78.12) | (937.44) | | (937.44) | 937.44 | **A** | - | | | |
| | | | | | | | | | | | **II** | Adjustment to | |
| | Adjusted Wages | $ 6,121.88 | $ - | $ 6,121.88 | $ 73,462.56 | 143% | $ 73,462.56 | | | $ 74,400.00 | | Exp & Income: | |
| | | | | | | | | | | | i | Year 1 | |
| | | | | | | | | | | | ii | Year 2 | |
| | Payroll (& Income) Taxes | 1,844.28 | - | 1,844.28 | 22,131.36 | 43% | 22,131.36 | (6,993.86) | **B** | 15,137.50 | iii | Year 3 | |
| | | | | | | | | | | | iv | Year 4 | |
| | Insurance (Life, Disability | - | - | - | - | | - | | | - | v | Year 5 | |
| | Union Dues | - | - | - | - | | - | | | - | | | |
| | Other: 401k Loan | - | - | - | - | | - | | | - | | | |
| | Other: | - | - | - | - | | - | | | - | | | |
| | | | | | | | | | | | | | |
| | Net Take Home Pay | 4,277.60 | - | 4,277.60 | 51,331.20 | 100% | 51,331.20 | | | 59,262.50 | **III** | Total available over | |
| | | | | | | | | | | | | repayment period | $ 32,552.50 |
| | Business Income | - | - | - | - | 0% | - | | | - | | | |
| | Other Income | - | - | - | - | 0% | - | | | - | | | |
| | | - | - | - | - | 0% | - | | | - | | | |
| | | - | - | - | - | 0% | - | | | - | | | |
| | | | | | | | | | | | | | |
| | Adjusted Gross Income | $ 4,277.60 | $ - | $ 4,277.60 | $ 51,331.20 | 100% | $ 51,331.20 | | | $ 59,262.50 | | | |
| | | | | | | | | | | | **IV** | Less: | |
| | **Expenses (Sch J)** | | | | | | | | | | i | Presumptive Ch 13 Atty Fee | $ (3,500.00) |
| 1 | Rent/Mortgage | | | 1,500.00 | 18,000.00 | 35% | 18,000.00 | | | 18,000.00 | ii | Trustee Fees (10%) | $ (3,255.25) |
| 2a | Electricity & Heating | | | 100.00 | 1,200.00 | 2% | 1,200.00 | | | 1,200.00 | | | |
| 2b | Water & Sewer | | | 60.00 | 720.00 | 1% | 720.00 | | | 720.00 | | | |
| 2c | Telephone | | | 100.00 | 1,200.00 | 2% | 1,200.00 | | | 1,200.00 | | | |
| 2d | Other:Cellphone | | | - | - | 0% | - | | | - | | | |
| 2d | Other:Propane | | | 205.00 | 2,460.00 | 5% | 2,460.00 | | | 2,460.00 | | | |
| 2d | Other:Cable or Satellite TV | | | 158.00 | 1,896.00 | 4% | 1,896.00 | | | 1,896.00 | | | |
| 2d | Other: Garbage | | | 13.00 | 156.00 | 0% | 156.00 | | | 156.00 | | | |
| 3 | Maintenance | | | 50.00 | 600.00 | 1% | 600.00 | | | 600.00 | | | |
| 4 | Food | | | 700.00 | 8,400.00 | 16% | 8,400.00 | | | 8,400.00 | | | |
| 5 | Clothing | | | 50.00 | 600.00 | 1% | 600.00 | | | 600.00 | | | |
| 6 | Laundry & Dry Cleaning | | | 45.00 | 540.00 | 1% | 540.00 | | | 540.00 | **V** | Net available to pay | |
| 7 | Medical/Dental | | | 150.00 | 1,800.00 | 4% | 1,800.00 | | | 1,800.00 | i | Unsecured Creditors | $ 25,797.25 |
| 8 | Transportation | | | 350.00 | 4,200.00 | 8% | 4,200.00 | | | 4,200.00 | | | ÷ |
| 9 | Recreation/Subscriptions | | | 100.00 | 1,200.00 | 2% | 1,200.00 | | | 1,200.00 | ii | Non-Priority Unsec | $ - |
| 10 | Charitable contributions | | | 300.00 | 3,600.00 | 7% | 3,600.00 | | | 3,600.00 | | Priority Unsec. | $ - |
| 11a | Insurance: Home or Rent | | | 15.00 | 180.00 | 0% | 180.00 | | | 180.00 | | Total Unsecured Debt | $ - |
| 11b | Insurance: Life | | | 65.00 | 780.00 | 2% | 780.00 | | | 780.00 | | | |
| 11c | Insurance: Health | | | - | - | 0% | - | | | - | | | |
| 11d | Insurance: Auto | | | 100.00 | 1,200.00 | 2% | 1,200.00 | | | 1,200.00 | **VI** | % payout to Unsec Credito | 0% |
| 11e | Insurance: Other | | | - | - | 0% | - | | | - | | | |
| 12 | Taxes: | | | - | - | 0% | - | | | - | | | |
| 13a | Install Pmts: Auto | | | - | - | 0% | - | | | - | | | |
| 13b | Install Pmts: Auto #2 | | | - | - | 0% | - | | | - | | | |
| 13c | Install Pmts: Other | | | 235.00 | 2,820.00 | 5% | 2,820.00 | | | 2,820.00 | | | |
| 14 | Support Payments: Alimony, Child Support | | | - | - | 0% | - | | | - | | | |
| 15 | Support Payments add'l dependents | | | - | - | 0% | - | | | - | | | |
| 16 | Business Expenses | | | - | - | 0% | - | | | - | | | |
| 17 | Other exp: Personal Care | | | - | - | 0% | - | | | - | | | |
| 17 | Other exp: | | | 100.00 | 1,200.00 | 2% | 1,200.00 | | | 1,200.00 | **Ppd by:** | Office of the United States Trustee | |
| | | | | | | | | | | | | James M. Gee, CPA/Analyst | |
| | Total Monthly Expenses | | | 4,396.00 | 52,752.00 | 103% | 52,752.00 | | | 52,752.00 | | | |
| | | | | | | | | | | | Date: | 3/28/2011 | 4:40 PM |
| | **Net Surplus/(Deficit)** | | | $ (118.40) | $ (1,420.80) | -3% | $ (1,420.80) | | | $ 6,510.50 | | | |
| | | | | | | | | | | or | | | |
| | | | | | | | | | | $ 542.54 | Monthly | | |

Notes/Comments:

**A** 401k Contributions disallowed for purposes of this analysis (Chapter 7)

**B** Tax withholding decreased to match actual liability per US Trustee calculation based on documents provided by debtor(s)

**C**

**D**

707(b)(3) Analysis - Projected Ability to Repay                                          **EXHIBIT B**